UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | CRIMINAL ACTION NO. 16-40023-TSH |
| ARTHUR CUMMINGS, Defendant. | ) ) ) ) | |

**SUPPLEMENTAL ORDER: MOTION TO SUPPRESS EVIDENCE (Docket Nos. 53&81)**
November 2, 2017

**HILLMAN, D.J.**

### Background

Defendant, Arthur Cummings ("Cummings"), was charged in an Indictment with Possession of Child Pornography in violation of 17 U.S.C. §2252A(a)(5)(B) as the result of the seizure by the Federal Bureau of Investigation ('FBI") of the "Playpen" website. That seizure led to a federal search warrant (the "NIT warrant")[1] issued by a Magistrate Judge in the Eastern District of Virginia, which provided authorities identifying information about computers that were downloading material from the website. Based on the information obtained pursuant to the NIT warrant, a warrant was issued in this District for the search of Cummings' computer. That search revealed files depicting prepubescent children engaged in sexually explicit conduct. Cummings filed a Motion to Suppress Evidence (Docket No. 53) challenging the legality of the

---

[1] The warrant is referred to as the "NIT warrant" by both parties as the FBI deployed a "Network Investigative Technique", a form of malware, to conduct a remote search of the contents of personal computers of persons, such as Cummings, who utilized the Playpen website.

search warrant on the grounds that: (1) the affidavit in support of the application for the warrant failed to establish probable cause; (2) the FBI intentionally misled the issuing court about facts relevant to the probable cause determination (and therefore this Court should hold a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674 (1978)); (3) the authority granted to the executing agents by the warrant was bereft of particularity; (4) the warrant was void because the "triggering event" never occurred; and (5) the issuance of the warrant was not authorized by Fed.R.Crim.P. 41, that is, the magistrate judge did not have the authority to issue a warrant which permitted searches to be conducted on computers outside of the Eastern District of Virginia and therefore, the warrant was void ab initio. Moreover, Cummings asserted that if this Court were to find that that warrant was invalid, the good faith exception, *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984), does not apply.

On May 18, 2017, I denied the motion to suppress, by endorsement, stating that regardless of the validity of the warrant and regardless of whether it was void ab initio (I found that it was not), the good faith exception applies. I further indicated that I would issue a written opinion setting forth my conclusions of law in greater detail. *See* Docket Entry No. 81. On that same date, Cummings appeared before me and pled guilty. Pursuant to his plea agreement, Cummings reserved his right to appeal the denial of his motion to suppress.[2]

## Discussion

Cummings sought a *Franks* hearing on the grounds that the affidavit in support of the NIT warrant contained recklessly misleading statement and omissions. A protracted discussion of this issue is not warranted. I find that Cummings failed to establish that the warrant application contained any intentional or reckless falsehoods or omissions. Simply put, a *Franks*

---

[2]Cummings also reserved the right to appeal the denial of his Motion to Dismiss (Docket No. 55).

hearing was not warranted. I further find Cumming's arguments that the warrant lacked probable cause and was void because the "triggering event" never occurred to be without merit for the reasons stated in the Government's comprehensive opposition.

As to the remaining issues, the Court is not writing on a pristine page becauseTurs in the interim, the First Circuit, in *United States v. Levin*, No. 16-1567, slip op., (1st Cir. Oct. 27, 2017)( 2017 WL 4855774), addressed substantially the identical arguments raised by Cummings in his motion to suppress. In *Levin* the defendant challenged the same NIT warrant at issue in this case. The First Circuit rejected the defendant's contention that the NIT warrant was a "general warrant" so lacking in particularity that the "'executing officers could not reasonably have presumed it to be valid.'" *Id.,* at p. 14 (citation to quoted case omitted). Moreover, the court found that even if the magistrate judge did not have the authority to issue the warrant[3] the executing officers did not act in bad faith in relying on the magistrate judge's determination that she could issue the warrant pursuant to the version of Rule 41 then in effect. *See id.,* at pp. 12-16. Accordingly, as I previously found, the good faith exception applies and the evidence should not be suppressed.

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**UNITED STATES DISTRICT JUDGE**

---

[3] Given its finding that the good faith exception applies and that Rule 41 has since been amended to grant magistrate judges the jurisdiction to issue warrants such as the NIT warrant at issue in this case and the *Levin* case, the First Circuit declined to address whether the magistrate judge in fact had the authority to issue the NIT warrant.